Opinion by
 

 Hirt, J.,
 

 Appellant, the owner of a valuable diamond ring, pledged it with Fidelity Loan Company, Inc., a pawnbroker, as security for a loan. The ring was placed in one of the loan company’s safes pending redemption of the pledge; it had no property right in the chattel other than as bailee. On May 19, 1933 defendant sheriff, by his deputy, in executing a writ of fieri facias on a judgment of a building and loan company against the loan company, levied upon certain personal property on the premises at its place of business at Ninth and Walnut Streets in Philadelphia. On May 29, 1933 while a representative of the sheriff was on the premises for the protection of the goods under levy, three armed men entered the store in broad daylight; they bound the
 
 *259
 
 ■watchman and, at the point of a gun, forced the pawnbroker’s clerk to open the safes and stole appellant’s ring with other valuable articles. The stolen property has not been recovered. In this action brought to recover the value of the ring, the jury found for appellant but the court entered judgment n. o. v. for defendant sheriff and the surety on his official bond. Hence, this appeal.
 

 An inventory of personal property made by the loan company on May 15, 1933, indicates that the ring was in the safe on that date. Though there is no positive proof that it was seen thereafter, in disposing of this appeal we accept as a legitimate inference from the testimony that the ring was in the safe at the time of the levy and was a part of the property stolen.
 

 Pawned goods are not subject to levy in law.
 
 Goodyear v. Donnelly,
 
 13 W.N.C. 314. Nevertheless, if a sheriff actually levies upon and takes possession of pawned articles, he thereby commits a trespass, imposing liability upon him for the owner’s damages. It is the sheriff’s duty in executing the writ to ascertain what, if any, of the property belongs to others than the execution debtor and if he fails in that respect, by levying on their property he becomes .subject to the rule of absolute liability for the safe custody of goods taken in execution and for their forthcoming.
 
 Hartleib v. McLane’s Administrators,
 
 44 Pa. 510. If the sheriff seizes the goods of a stranger without calling upon a plaintiff to secure him, he acts at his peril and takes the risk upon himself.
 
 Fitter v. Fossard,
 
 7 Pa. 540. A levy on the goods of a stranger is an exercise of dominion over them sufficient to constitute a trespass.
 
 Dixon v. Sewing Machine Co.,
 
 128 Pa. 397, 18 A. 502. Two questions, therefore, are raised by this appeal: (1) Did the sheriff levy upon appellant’s ring; if not, (2) is there evidence of negligent conduct of the sheriff or his representatives, sufficient to charge him with responsibility for appellant’s loss?
 

 
 *260
 
 1. In general, a levy on goods not within the power or view of a sheriff is bad. It is ordinarily the duty of the sheriff in executing his process either to take into his possession the article upon which he levies or at least' to have it in sight. There are circumstances, however, under which the process will be sustained, though the property was not in view because of the wrongful act of the defendant in the writ or other legal excuse. And the contents of a locked safe which cannot be opened may be the subject of a legal levy, especially where the execution debtor or his representative, present at the time, refuses to open the safe to the view of the sheriff.
 
 Trainer v. Saunders,
 
 270 Pa. 451, 113 A. 681. See cases collected in 41 A.L.R. (N.S.) 764.
 

 Though the loan: company was then in possession of the premises no request was made of its representatives, who were present, to open the safes and expose their contents to view. The deputy testified: “We levied on everything we could see in the place
 
 but
 
 the pledged goods. We didn’t levy on any article pledged.” The testimony of the deputy was admissible, for its purpose was not to contradict the record but to establish it.
 
 Henderson v. Henderson,
 
 133 Pa. 399, 19 A. 424. The only evidence to the contrary is the testimony of appellant’s associate counsel that on April 11, 1934 (after this action was instituted) he inquired of the deputy as to what had been seized; that the deputy produced the original writ and, with it, a paper containing a notation “Four safes and contents” in the list of specific items of personal property. It is contended that this paper was the schedule of the goods actually levied upon and not the schedule, exhibit No. 2, produced by the deputy.
 

 A sheriff’s return, generally conclusive, may he impeached for fraud in an action against the sheriff
 
 (Phila. Saving Fund Society v. Purcell,
 
 24 Pa. Superior Ct. 205) and a fraudulent return may be established by parol.
 
 Henderson v. Henderson,
 
 supra;
 
 Schall v. Miller,
 
 
 *261
 
 5 Wharton 156. In such action the sheriff’s return is evidence for him but, at the same time, it must be construed most strongly against him.
 
 Weidensaul v. Reynolds,
 
 49 Pa. 73;
 
 Smith v. Emerson,
 
 43 Pa. 456. The return in question is not ambiguous and construed most strongly against the sheriff does not support the verdict.
 

 There is nothing in the law which compels a sheriff to file, with his return, a schedule of the property levied upon,
 
 (Weidensaul v. Reynolds,
 
 supra;
 
 Colvin v. Crown Coal & Coke Co.,
 
 90 Pa. Superior Ct. 560) though something might be said in commendation of the practice. But there is a presumption in the sheriff’s favor as to his official, acts even in an action against him
 
 (Fitter v. Patton,
 
 8 W. & S. 455;
 
 Diwon v. Sewing Machine Co.,
 
 supra) and in this case there was a presumption from the return, regular on its face, that the levy was rightly made upon such goods only as were subject to levy. It follows that the return of the sheriff, in the course of his official duty and under sanction of his official oath, will not be set aside merely on uncorroborated testimony of this kind though the action is against him and the surety on his official bond. If the law were otherwise there would be little security in any legal process. The testimony of plaintiff’s witness that the schedule which he saw in the sheriff’s office listed the contents of the safes had probative value. But at most this testimony went to the credibility of the deputy sheriff who denied it, and who produced the schedule, exhibit No. 2, which he says is a list of all of the property levied upon.
 
 Zavodnick v. Rose & Son,
 
 297 Pa. 86, 146 A. 455;
 
 Sheer v. Melville,
 
 279 Pa. 401, 123 A. 853. Plaintiff’s testimony, therefore, even though considered sufficient to impeach the testimony of the deputy sheriff, did not overcome the presumption of regularity of the levy established by the return. Moreover, even if a levy had been made on the contents of. the safes without naming specific articles, its effect
 
 *262
 
 would have been limited, under the presumption, to a legal levy upon such of the contents as were the property of the debtor and would not extend to the goods of strangers.
 

 Defendants’ case does not rest entirely upon the presumption of regularity raised by the return, for if we entirely disregard the testimony of the deputy sheriff that pawned goods were not levied upon, there is other evidence of that fact which stands unrebutted in the record. All of the evidence is to the effect that at the time of the levy, the sheriff did not take possession of appellant’s ring or other pawned articles. The sheriff maintained a watchman on the premises who was in possession of the goods under levy; the pawned articles were in possession of a representative of the pawnbroker for the purpose of carrying out its contracts with pledgors. Their possession was not joint as to all goods but was several as to two distinct classes of property on the premises. The pawnshop, immediately following the levy, was kept open by the loan company with the consent of the sheriff, for the convenience of those who had pledged articles on loans. Payments were received and when a loan was paid in full the pledged article was returned to the pledgor. There is no evidence that the sheriff interfered in any respect with these transactions nor at any time asserted the right to, nor assumed possession of, the pawned goods, though by agreement the sheriff received the proceeds of collections on loans for the benefit of the judgment creditor.
 

 2. The obligation of the sheriff was to provide protection only for the goods under levy. His consent to keeping the shop open during the day does not charge him with negligence imposing liability upon him. Under any situation or circumstance which reasonably might-have been anticipated, his watchman together with the loan company’s clerk, would be sufficient for the protection of all property op the premises. There is evi
 
 *263
 
 dence that the sheriff discontinued the service of burglar alarms on the safes which if in operation probably would have summoned guards from a central station in time to arrest the thieves. But the evidence is that the electric alarm, system, in the usual course of the pawnbroker’s business, never had been connected to operate during business hours. The fact that the service was discontinued, therefore, was not a proximate cause of appellant’s loss. Where the evidence of negligence as to the proximate cause of loss is insufficient, there is no issue of fact for the jury.
 
 Springer v. Pullman Co.,
 
 234 Pa. 172, 83 A. 98;
 
 Nirdlinger v. Am. Dist. Tel. Co.,
 
 245 Pa. 453, 91 A. 883.
 
 Moon v. First Nat. Bank of Benson,
 
 287 Pa. 398, 135 A. 114 relied upon by appellant is distinguished from the present case on its facts.
 

 Considered in the light most favorable to appellant, the evidence is insufficient to support a finding either that the sheriff actually levied on the ring or that its theft resulted from any act of his.
 

 Judgments affirmed.