## Commonwealth ex rel. Specter v. Rothman

*Gordon Gelfond*, Assistant District Attorney, for Commonwealth.

*Anthony J. Caiazzo*, for defendant.

GRIFFITHS, J., August 1, 1966.—The court makes the following

### FINDINGS OF FACT

1. Petitioner, Arlen Specter, is District Attorney of Philadelphia and a citizen of Philadelphia.

2. Philip Rothman was appointed constable of the 22nd ward on January 17, 1964, to fill the vacancy created by the resignation on December 10, 1963, of George B. McLaughlin, 1239 E. Chelten Avenue, who had been elected constable on November 6, 1961, for a term of office extending from January 1, 1962, through December 31, 1967.

3. On or about January 17, 1964, said Philip Rothman received his commission after entry of bond and entered upon his duties as a constable in the 22nd ward for the unexpired term of George B. McLaughlin, maintaining an office at the southwest corner of 42nd Street and Lancaster Avenue, Philadelphia, Pa.

4. Respondent resides at 6927 Ardleigh Street, Philadelphia.

5. From on or about March 1, 1965, and continuing for approximately a year thereafter, respondent, in his capacity as a constable and as the owner and operator of the B. & R. Collection Agency, was engaged in the collection of delinquent accounts for the Ritter Finance Company, Inc., a Pennsylvania corporation.

6. Respondent actively operates said collection agency at the same address, S.W. cor. 42nd and Lancaster Avenue, Philadelphia, as he maintains his constable office, employing certain identical persons as employes of both.

7. Respondent processed civil actions in magistrate's courts of Philadelphia at or about the times hereinafter stated, even though he knew the real debts exceeded the $100 jurisdictional limit, as follows:

| Defendant in Suit | Approximate Real Debt | Approximate Date of suit |
|---|---|---|
| Jane Morrow | $205.00 | March, 1965 |
| Paul Richardson | 300.00 | During 1965 |
| Gerald Joseph Walters | 150.00 | March, 1966 |
| Robert Plotcher | 250.00 | April, 1966 |
| Richard A. Maxwell | 147.00 | March, 1966 |
| Melvin Smith | 200.00 | Jan.-Apr., 1966 |

| | | |
|---|---|---|
| Ida Gilbert | 250.00 | April or May, 1965 |
| Thomas Walter | 388.00 | Early, 1966 |
| Antoinette Huffnagle | 150.00 | July, 1965 |
| Catherine Patricia Wheeler | 400.00 | January, 1966 |

8. Respondent committed acts of oppression as follows:

a. In 1965, by unlatching the safety catch on his gun in a threatening manner to Paul Richardson;

b. In April or May, 1965, by threatening Ida Gilbert she would go to jail if she didn't pay her debt;

c. In January or February, 1966, by harrassing Julia Riley for a debt purportedly owed by others, although Julia Riley repeatedly told him she was not the person he was looking for, and by unlawfully levying on her furniture and furnishings and by unlawfully posting a sale sign on her premises.

9. Respondent failed to make proper levies upon personal property by not first entering the premises where the goods levied upon were located, by not taking possession of the goods, or by not having them in sight, as follows:

| Defendant in Suit | Approximate date of Respondent's Unlawful Levy |
|---|---|
| Gerald Joseph Walters | March, 1966 |
| Robert Plotcher | April, 1966 |
| Richard A. Maxwell | March, 1966 |
| Melvin Smith | ........, 1966 |
| Antoinette Huffnagle | July, 1965 |
| Catherine Patricia Wheeler | January, 1966 |
| Charles R. Rice | June, 1966 |
| William Ferguson | January, 1966 |

10. In the case of all defendants named in paragraph 9 above, except Charles R. Rice, respondent posted sale signs although he had not made prior levies according to law.

11. In the instances listed in the preceding paragraphs, respondent processed claims in the magistrates'

courts of Philadelphia, in which claims he possessed a pecuniary interest, i.e., a 40 percent contingency fee upon collection, which fees he received in excess of the fees prescribed by law for a constable to receive for collecting debts.

## DISCUSSION

The Act of May 27, 1841, P. L. 400, sec. 14, as amended by the Act of May 7, 1929, P. L. 1581, sec. 1, provides that where the court is "satisfied that because of any act or acts of malfeasance or misfeasance in office committed by him, including any act or acts of oppression of any suitor or suitors, or witness or witnesses, such constable is unfit or incompetent to discharge his official duties . . . ," the court may remove him.

Malfeasance or misfeasance in office cannot be charged except for a breach of a positive statutory duty or for the performance of a discretionary act with an improper or corrupt motive: Commonwealth v. Peoples, 345 Pa. 576, 579 (1942); McNair's Petition, 324 Pa. 48, 55 (1936) and cases cited therein, and see Application for Removal from Office of James C. Taylor, Constable, 5 Chester 81, 83 (1952); Flynn's Case, 303 Pa. 198 (1931) and Schmidt v. Hill, 12 Del. Co. 10, for procedure.

Malfeasance in office involves an abuse of public justice: Commonwealth v. Miller, 94 Pa. Superior Ct. 499, 507 (1928).

From the evidence adduced at the hearing and set forth in the above findings, respondent has committed acts of malfeasance (or misfeasance) in office by violating the positive statutory duties imposed upon him relating to levies and sales. The Act of June 16, 1836, P. L. 755, sec. 41, 12 PS §2311, states that the officer to whom a writ of execution as here is directed "shall . . . proceed to levy and sell. . . ." The Act of July

9, 1901, P. L. 614, sec. 1, cl. 16, 12 PS §318, makes the Act of 1836 equally applicable to constables. While the Act of 1836 is no longer applicable to courts of record, since the rules of civil procedure have been adopted (in particular here, see Pa. R. C. P. 3101), this act applies to magistrates' courts and constables, as magistrates' courts are not included under the authorizing Act of June 21, 1937, P. L. 1982, sec. 1, as amended, 17 PS §61. It is significant that the law relating to the manner of making a levy by virtue of a writ from a court of record has not been substantially changed by the new rules. See Pa. R. C. P. 3108, 3109. Innumerable cases have held that a lawful levy is made only when the executing officer either takes possession of the goods or has them in sight: Commonwealth v. Weglein, 147 Pa. Superior Ct. 257 (1942); Lowry v. Coulter, 9 Pa. 349 (1848); Welsh v. Bell, 32 Pa. 12 (1858); Duncan's Appeal, 37 Pa. 500 (1860); Commonwealth Insurance Company v. Berger, 42 Pa. 285 (1862); Linton v. Commonwealth ex rel. Ford, 46 Pa. 294 (1863); Carey v. Bright, 58 Pa. 70 (1868). The only exception is where the debtor commits a wrongful act, such as refusing to open a locked safe: Trainer v. Saunders, 270 Pa. 451 (1921). It has been held that where the executing officer did not have the goods in his custody or in his view, at the time of the levy, the levy is void and vests no title whatever in the purchaser: Hartman v. Hefflefinger, 47 Pa. Superior Ct. 1 (1911). This law is so ancient, and apparently so commonly accepted and followed, that there are no recent cases we could find on the subject.

Here, under finding of fact 9, it is evident the practice of respondent was simply to leave the levy outside the premises, under the door, in the mailbox, or the like. Such procedure is a violation of a positive statutory duty imposed.

By virtue of the same statute, any sale made pur-

suant to an illegal levy is a violation of a positive statutory duty. Under finding of fact 10, respondent posted sale signs, although he did not go through with the sales, subsequent to illegal levies.

Under findings of fact 7 and 11, respondent resorted to magistrates' courts in debt collections where the actual indebtedness exceeded the jurisdictional limitation of $100: Constitution of Pennsylvania, art. V, sec. 12. Here, respondent demonstrated an improper motive, shown by a pattern of 10 cases in suing for less than the amount owed, in order to have jurisdiction in a magistrate's court that he might collect the 40 percent under his agreement with Ritter Finance Company in such manner. Had respondent not been a constable also, but only operator of a collection agency, and, therefore, not under a constable's limitation as to fees, such improper motive may not have been present. The constable cannot be here charged with malfeasance, as the jurisdictional limitation applies to the magistrate, not to a constable.

Under finding of fact 8, the acts of oppression forbidden by the Act of 1841, as amended, are apparent from the mere recital of them.

We, therefore, make the following

### CONCLUSIONS OF LAW

1. The court has jurisdiction of the parties and the subject matter.

2. Respondent, Philip Rothman, has committed acts of malfeasance or misfeasance in office, breaching positive duties imposed by law upon him and committing acts with an improper motive; and said respondent has committed acts of oppression of suitors, satisfying the court that said Philip Rothman is unfit and incompetent to properly discharge his official duties.

3. Respondent, Philip Rothman, should be removed from office as such constable, and a suitable person appointed by the court to fill the vacancy thus created.

## DECREE

And now, August 11, 1966, the court orders and decrees that Philip Rothman, an appointed constable of the 22nd ward of the City of Philadelphia, be and is hereby removed from such office of constable, and all his official duties are hereby ceased and ended.

The court reserves decision on naming the appointee to fill the vacancy thus created. Costs to be borne by respondent.