# M'Bride *against* The Commonwealth.

By the act of the 20th of February 1817, erecting the town of Butler into a borough, the election of the high constable is to be returned to the town council, and his oath of office to be taken before a justice of the peace; and authority is given him to execute process " as other constables of the county, by entering into the security required by law." This security means that which is prescribed by the general acts of 1810 and 1824, to be taken before and approved by the quarter sessions: and a bond taken before and approved by the town council is not binding on his sureties for misconduct or negligence in executing process as other constables of the county.

ERROR to the common pleas of *Butler* county.

This was a suit against the plaintiffs in error, as bail in the official

[M'Bride v. The Commonwealth.]

bond of Rishaberger, high constable of the borough of Butler. The proceedings are admitted to be regular and the recovery legal, if the defendants below and plaintiffs here are liable on the bond. The town of Butler was erected into a borough in 1817. The same act of assembly constitutes Milton in Northumberland county a borough, and the first sixteen sections of the law relate to that corporation. Then come two or three sections erecting Butler into a borough, and directing that it shall in all respects be considered as having the same rights, and to be governed by the same provisions as are enacted for Milton. Milton is to elect a high constable, who is to be returned to and approved by the town council, and also to elect two constables, of whose election the return is to be to the quarter sessions, and appointment to be made under the general law respecting constables. But Butler is to elect only a high constable, on the same day and at the same place where it elects its other borough officers. The return of the election made by the judges is to be one copy to the town council, and one copy to the person elected ; and the oath of office is to be before a justice of the peace. The law incorporating Butler directs the citizens of the borough to elect a burgess, assistant burgess, town council and high constable, who shall have authority to execute process " as other constables of the county, by entering into the securities required by law." The twenty-ninth section of the act of the 20th of March 1810 directed, that where the person elected constable had not a freehold estate clear of incumbrances of the value of 1000 dollars, he should give security to be approved by the court of quarter sessions in that sum, for the just and faithful execution of the duties of his office, to be taken by the clerk of the court in the name of the commonwealth, which is to be in trust for the use of such persons as may be injured by his misconduct, in the same manner as sheriffs' bonds are given.

The act of 1824 directs that all constables who by the present law would be required to give security, shall give bond, to be approved by the court of quarter sessions of the county, in a sum not less than 500 nor exceeding 3000 dollars, conditioned for the faithful discharge of the office.

The court of common pleas were of opinion, that as the law did not require a return of the election of high constable to be made to the quarter sessions, but to the town council, the town council alone could take the bond and judge of the sufficiency of the sureties.

*Evans*, for the plaintiffs in error.

The meaning of the expression " the security required by law," must be ascertained by a reference to the general acts in relation to constables. Those acts make it necessary that the bond should be taken in the quarter sessions. Where he is a freeholder in a certain amount no security whatever is required. But as those acts were not complied with in the present case, and the return was made to,

[M'Bride v. The Commonwealth.]

and the bond taken before the town council, he could be considered as nothing more than the police officer of that body, and as possessing no authority to execute process out of the borough as a township constable.    Hence his bond does not enure to the benefit of those persons injured by his malpractices in the latter capacity.·  For in relation to them there is no breach of the condition contained in the bond. Act of the 20th of February 1817, *Pamph. Laws of* 1816, 1817, *p.* 69, 75; Act of 1824, sect. 3, *Purd. Dig.* 510; 6 *Binn.* 88; The Bank of the Northern Liberties *v.* Cresson, 12 *Serg. & Rawle* 310; Leazure *v.* Hillegas, 7 *Serg. & Rawle* 318; 2 *Am. Law Journ.* 80; 1 *Am. Dig.* 70; *Coxe's Dig.* 110; Beacom et al. *v.* Holmes, 13 *Serg. & Rawle* 190; M'Kee *v.* Stannard, 14 *Serg. & Rawle* 380; Act of 1810, *Purd. Dig.* 155.

*Sullivan* and *Ayres*, for the defendant in error.

Every law should be so construed as to be made effectual.    In the act incorporating the borough of Butler no provision is made for taking the bond of the high constable before the quarter sessions; and yet he is a constable, and expressly elected for the discharge of the duties of that office.    The name makes no difference.    Recourse can be as well had to the records of the town council for the evidence of his election and bond, as to those of the quarter sessions.    Under the act in question, the quarter sessions have no authority to take the bond. It is a specific act, and contains a specific grant, and does not interfere with any corporation.    A general law cannot be construed to take away the grant, without a special reference to it.

The court declined hearing *Purviance*, for the plaintiff in error, in reply.

The opinion of the Court was delivered by

HUSTON, J.—This court is of a different opinion from that of the court below.    The words " may execute process as other constables of the county, by giving the securities required by law," have reference to the general laws for the election and appointment of constables, and not to the law erecting Butler into a borough.    As high constable, his duties were confined to process by the burgess or other officers of the borough; but the law put it into his power to acquire the same extent of authority with the other constables of the county by giving the security required by law$_t$; that is, the securities required by law from other constables.    The corporation of Butler had no authority beyond their limits.    Their officers had no authority beyond the limits of the borough; but their constable may acquire authority by giving security approved by a court whose jurisdiction extends over the county, and being sworn in as an officer of that court.    In such case his bond would be filed in that court, and become a public document accessible to all people.    The borough of Butler might give some difficulty in obtaining it, and its officers are not

[M'Bride v. The Commonwealth.]

appointed to judge of and approve security given by officers who may execute process far beyond the limits of the borough.

If the quarter sessions were shown the act of assembly in question, and a certificate from the borough that a certain person was elected high constable, and such person was to offer his security, it would be their duty to judge of its sufficiency and, if good, to take and file his bond.

The general rule has been stated and not disputed on either side, that an official bond, directed by statute, must be in all essential particulars conformable to the statute, or it is void: but it was contended, that by the act of assembly, the town council were the proper body to judge of the amount of the bond and sufficiency of the sureties. We think not. The town council were only officers within the precincts of the borough, not constituted with the intention of exercising authority throughout the county. They had authority as to their own high constable—no authority as to the constables in the county. No other tribunal can appoint the general constables or judge of their bonds but the court of quarter sessions. If we begin to depart from the law on this subject, justices of the peace or single judges of the quarter sessions may undertake to exercise it. We are therefore of opinion this bond was not taken according to law, and is not binding on the sureties.

Judgment reversed.