Reported by Harry M. Bretz, Esq.,
Harrisburg, Pa.

# Harbold v. Bailey.

No provision having been made in the law requiring a high constable to take his oath and give bond in court, it cannot be held that without this he should be entrusted with service of writs, executions, and warrants. The power and authority mentioned in the Act of 1851 is construed to apply only to the discharge of his duties in his particular borough as an executive officer of the same.

Where the Justice is without jurisdiction, a certiorari may issue even after the expiration of twenty days.

SERVICE OF SUMMONS—JURISDICTION—CERTIORARI—ACT OF MARCH 20, 1810, 5 SM. LAWS, 162—ACT OF APRIL 3, 1851, SEC. 13. P. L. 325—ACT OF MAY 10, 1878, P. L. 51—ACT OF FEB. 14, 1889, P. L. 6.

No. 105, August Term, 1900, C. P. of York Co.

John W. Heller, Esq., for Plaintiff.

James G. Glessner, Esq., for Defendant.

Opinion by BITTENGER, J., Feb. 17, 1902.

The transcript returned by the Justice, B. F. Koller, Esq., shows that the summons was issued to Isaac D. Koller, high constable, and was by him served on the defendant, Daniel Bailey. It is true the docket entry is that the summons was directed to Isaac D. Koller, constable, by whom it was returned, under oath, duly served, but the summons returned as a

part of the record appears to have been issued to Isaac D. Koller, high constable, and such fact is established by testimony taken and produced to the court.

The *certiorari* was not issued within the limit of twenty days prescribed by law, but some two days later. This provision as to the time in which the writ shall be issued does not apply in cases where the Justice has not jurisdiction, and in such case evidence may be heard by the court in support of the exceptions. These are matters too well settled by competent decisions of the courts to require the citation of any authorities.

The exceptions raise the question of jurisdiction of the party defendant. The summons is sufficiently certain in designating the South Ward of the borough of Shrewsbury as the location of the office of the magistrate issuing the writ, and the exception relating to this matter is dismissed.

Was the writ of summons issued to a constable, as directed by the 2nd section of the Act of March 20, 1810, 5 Sm. Laws, 162, viz: "To the constable of the township, ward or district where the defendant usually resides, or can be found, or to the next constable and most convenient to the defendant?" Was Isaac D. Koller, high constable of Shrewsbury borough, competent to serve the summons so as to give the Justice jurisdiction of the defendant?

The Borough Act of April 3, 1851, Sec. 13, P. L. 325, provides "that the high constable shall give a bond as required by the corporation; he shall have the power and authority of constables of the several townships in the proper county; he shall serve the notices prescribed by this Act, and attest the service of the same by affidavit, in writing, signed by him and deposited with the secretary of the corporation." It is also made his duty to give notice of the annual election.

The Act of May 10, 1878, P. L. 51, provides for the election of a high constable in a borough divided into wards.

The Act of Feb. 14, 1889, P. L. 6, enacts that a constable shall be elected in each ward of a borough with several wards to serve for three years.

Harbold v. Bailey.

Neither the Acts of 1851 or 1878, above cited, provides that high constables may file a bond or qualify in courts, nor do said Acts give any authority to such officers to serve writs as do the special charters of certain boroughs, after the terms of which the general law is framed.

We construe the clause in the Act of 1851, "he shall have the power and authority of constables of the several townships in the proper county," to apply only to the discharge of his duties in his particular borough as an executive officer of the same.

No provision is made in any Act for the filing of a bond or qualification in court, and the legislature cannot be held to have intended that without this a high constable should be entrusted with the service of writs, executions and warrants. Had it been intended he should have the general power of constables, a proper bond to guarantee the faithful execution of his office, and a proper oath in court, would certainly have been prescribed. His oath and bond provided for in the Act only cover his action in the administration of the laws and affairs of the particular borough for which he is elected or appointed.

In the case of McBride v. Com., 2 Watts, 448, it appears the borough charter of Butler conferred power on the high constable to execute process "as other constables of the county, by entering into the security required by law," and it was held that this means that security prescribed by the general Acts of 1810 and 1824, to be taken and approved by the Quarter Sessions; and a bond taken before and approved by the town council is not binding on his sureties for misconduct or negligence in executing process, as other constables of the county.

It is held, in Doylestown's High Constable, 16 Pa. C. C. Reps. 90, that a high constable of a borough is not a court or county officer, and that the Court of Quarter Sessions has no jurisdiction to approve the bond of a person elected to the office of high constable of a borough, unless the charter of the borough so provides. We are entirely satisfied with the reasoning of the learned judge in his opinion, and are convinced that there is no warrant for the approval by the court of a bond of a

Harbold v. Bailey.

high constable elected under the general borough Acts without further legislation.  In the case under consideration, no bond had even been offered for approval by the court.

For the reasons stated, the high constable, Isaac D. Koller, was acting beyond any authority he possessed in serving the summons upon Daniel Bailey, the defendant.  The summons was improperly issued to him, and the Justice was without jurisdiction, in the absence of any appearance by the defendant, to render the judgment, which is therefore void.

The proceedings and judgment of the Justice are reversed and set aside, and judgment is given for the defendant, to be entered of record in the prothonotary's office, with all costs incurred in this case.

Reported by Arthur N. Green, Esq.