## Flynn's Case.

Argued January 27, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART and SCHAFFER, JJ.

*R. L. Levy,* with him *A. M. Lucks,* for appellant.

*Gerald G. Dolphin,* with him *Robert G. Coglizer,* for appellees.

PER CURIAM, March 16, 1931:

James J. Flynn appeals from the judgment of the Court of Quarter Sessions of Lackawanna County removing him from the office of high constable of the Borough of Dunmore, after hearing on charges that appellant had "committed various and numerous acts of malfeasance and misfeasance in office, has been habitually intemperate, has neglected various and numerous duties, has oppressed suitors and witnesses, and otherwise proved himself entirely unfit and incompetent to discharge his official duties."

Appellant's sole ground in support of his appeal is that the Act of Assembly of May 7, 1929, P. L. 1581, confers upon courts of quarter sessions jurisdiction to remove only a constable of the class elected generally as peace officers in the several municipalities throughout the Commonwealth, and does not apply to the office of high constable in the districts in which such office exists. The act reads (pages 1581-2): "The courts of quarter sessions of each county shall have full power, on petition of any surety of any constable,......also ......on petition of any citizen or citizens......., to inquire into the official conduct of any act or acts of malfeasance or misfeasance in charges against such constable of the existence in him of habits of intemperance or neglect of duty; and, in all cases where said court shall be satisfied that because of any act or acts of malfeasance or misfeasance in office committed by him, ......such constable is unfit or incompetent properly to discharge his official duties, it shall be lawful for said courts, respectively, to decree the removal of such con-

200

stable from office." Appellant argues that a strict construction of these words renders them inapplicable to a high constable, which he would have us consider to be an entirely different office from that of constable. We, however, agree with the court below that such an interpretation of the act "would be to......defeat the intention of the legislature and to violate the ordinary understanding of the language," especially in view of the fact that the Act of 1929, as above quoted, refers to "any constable," and that the Borough Act of 1915, P. L. 312, 396, under which appellant was elected, provides that "The high constable shall have the powers and authority of constables of the several townships in the county."

The judgment of the court below, removing appellant from office is affirmed at cost of appellant.

Mr. Justice MAXEY did not sit at the argument of this case, and did not participate in deciding the questions here passed upon.