## Wingard v. Armstrong County

*Wade E. Heilman,* for plaintiff; *John W. Rohrer,* for defendant.

GRAFF, P. J., May 26, 1932.—This matter comes before us upon a case stated in assumpsit. The plaintiff is a duly elected, qualified, and acting high constable of the Borough of West Kittanning. Subsequent to his election he filed a regular constable's bond, which was approved by the Court of Quarter Sessions of Armstrong County and duly filed. The plaintiff has generally performed the duties and prerogatives of any duly elected constable of a borough or township. In a certain prosecution the plaintiff served writs of process, by reason of which he claims the sum of $6.50 to be due him from the defendant.

Two questions are presented in this case. First, has the plaintiff, by virtue of his office as high constable of the Borough of West Kittanning, authority to perform the duties of a township or borough constable?

The decisions of the lower courts are not in accord upon this question, and so far as we have been able to ascertain this precise matter has never been determined by the appellate courts. The Act of April 3, 1851, P. L. 320, relating to boroughs, provides in section 13:

"That the high constable shall give bond with surety as required by the corporation; he shall have the power and authority of constables of the several townships in the proper county."

The General Borough Act of May 14, 1915, P. L. 312, provides in chapter 7, article 3.

"Section 1. The high constable, before entering on the duties of his office, shall take and subscribe an oath or affirmation, and the same shall be filed, as provided in chapter seven, article one, section two of this act. The high constable shall give such bond with surety as is required by the borough.

"Section 2. The high constable shall have the power and authority of constables of the several townships in the county."

These sections are specifically reënacted in The General Borough Act of May 4, 1927, P. L. 519, secs. 1031 and 1032. In McBride v. Com., 2 Watts 448, in commenting upon the effect of the Act of February 26, 1817, 6 Sm. L. 406, erecting the town of Butler into a borough, the court said:

"The words 'may execute process as other constables of the county, by giving the securities required by law,' have reference to the general laws for the election and appointment of constables, and not to the law erecting Butler into a borough. As high constable, his duties were confined to process by the burgess or other officers of the borough; but the law put it into his power to acquire the same extent of authority with the other constables of the county by giving the security required by law; that is, the securities required by law from other constables. The corporation of Butler had no authority beyond their limits. Their officers had no authority beyond the limits of the borough; but their constable may acquire authority by giving security approved by a court whose jurisdiction extends over the county, and being sworn in as an officer of that court."

It will be observed that the Supreme Court recognized that a high constable may serve in a dual capacity; first, purely as a borough officer, performing those duties specifically required in the borough; and secondly, as an officer exercising greater jurisdiction, as a constable of the county, by giving the proper security, if such authority is granted by act of assembly. The act of assembly under which the plaintiff was elected specifically provides in a separate section that he shall have the power and authority of constables of the several townships in the county. If the legislature had intended that his authority should be limited to a particular borough it would have so stated. The plain language of the act grants to the high constable the same power and authority as other constables. Obviously the bond given to borough authorities would not be the proper one to authorize the performance of duties beyond the limits of said borough. The high constable therefore must file the regular constable's bond, approved by the quarter sessions court, which was done in this case, in order to authorize him to act beyond the limits of the borough.

The Supreme Court in Flynn's Case, 303 Pa. 198, in construing the Act of May 7, 1929, P. L. 1581, which confers upon the courts of quarter sessions jurisdiction to remove constables from office for various reasons, holds that the word "constable" applies to the office of high constable in the districts in which such office exists. The court states at page 200:

"Appellant argues that a strict construction of these words renders them inapplicable to a high constable, which he would have us consider to be an entirely different office from that of constable. We, however, agree with the court below that such an interpretation of the act 'would be to . . . defeat the intention of the legislature and to violate the ordinary understanding of the language,' especially in view of the fact that the Act of 1929, as above quoted, refers to any 'constable,' and that the Borough Act of 1915, P. L. 312, 396, under which appellant was elected, provides that 'The high constable shall have the powers and authority of constables of the several townships in the county.' "

If a high constable is a constable within the meaning of the Act of 1929, supra, we have no hesitation in concluding that he is a constable within the several acts of assembly conferring the right upon constables to perform their duties throughout the proper county. Consequently we conclude that the plaintiff in this case had full right and authority to serve the process or warrant for which he claims his fee from the defendant.

The second question presented by this case is, if authorized and empowered to perform the duties of a township constable, is the plaintiff entitled to collect from the defendant the same fees and emoluments payable by defendant to township and borough constables?

The General Borough Act of 1927 provides for certain salary or emoluments to be paid to a high constable. An examination of the act dicloses that these

only apply to the particular duties of the officer when acting specially for the borough. If the plaintiff had the right to act as a borough or township constable, and we have so concluded, it logically follows in this respect that high constable should be synonymous with constable in determining the fees and emoluments to be allowed him. This was the construction placed upon the Act of 1929 by the Supreme Court in Flynn's Case, supra, and we see no reason why it should not follow that this construction should be placed upon the words in the acts of assembly allowing fees and emoluments to constables. Accordingly we hold that the plaintiff is entitled to recover from the defendant the sum of $6.50, as fees for the performance of duties as constable.

### Order

And now, May 26, 1932, it is ordered and directed that judgment be entered in favor of the plaintiff and against the defendant in the sum of $6.50.

From Harry C. Golden, Kittanning, Pa.