## Bovee v. Willis, County Controller

*William J. Carney,* for petitioner.
*James W. Evans,* for respondent.

HIRT, P. J., December 10, 1937.—This is a petition for a writ of mandamus asking the court to command Harvey Willis, County Controller of Erie County, to recognize the authority of petitioner to perform the duties of a general constable. The petition set forth that Charles Bovee is the duly elected and qualified high constable of North Girard Borough. Since his election he has posted with the clerk of courts a bond in the amount of $500 for the faith-

ful performance of his duties. The petition further alleges that the defendant has refused to pay petitioner for services performed by him as a general constable. The defendant demurred to the petition. By stipulation filed it is agreed that petitioner receives no salary or fees for his services as high constable of the borough.

The issue raised by the petition and demurrer is whether or not a high constable can, by filing a bond with the quarter sessions court, qualify and act as a general constable and receive the fees established by law for such service. The petitioner relies upon the decision in Wingard v. Armstrong County, 18 D. & C. 743, to substantiate his view. This case flatly decides the issues raised here and holds that a high constable can, by qualifying in quarter sessions court, perform the duties of a general constable and receive the fees established by law. An analysis of this case indicates a reliance upon McBride v. Commonwealth, 2 Watts 448, and Flynn's Case, 303 Pa. 198, for substantiation of the result achieved. The difficulty is that McBride v. Commonwealth is based upon an act of the legislature which, by implication, gave the Quarter Sessions Court of Butler County the right and power to qualify high constables as general constables. The Act of February 26, 1817, P. L. 69, which was there under discussion, expressly gave the high constables the power to: " . . . execute process as other constables of the county, by entering into the securities required by law". This language is a clear implication of the authority of the quarter sessions court to receive such securities and to qualify the high constables. This act of assembly was local in extent and could not be deemed to be applicable to the other counties of the Commonwealth: Flynn's Case, supra, involved the right of the quarter sessions court to remove a high constable from office. The court there held that the word "constable" in the Act of May 7, 1929, P. L. 1581, applied indistinguishably to constables and high constables. The controlling factor influencing the court in its opinion was the intention of the legislature

when it passed the removal section of the act in question. We cannot agree that this decision affects the problem before us. Constables and high constables have the same powers and duties within their respective fields. They are commonly referred to and understood to be "constables". For this reason the Supreme Court decision does not affect the facts and the law applicable here.

In Cartlich Service v. Reber, 27 D. & C. 253, it was decided that a high constable is a municipal officer authorized to execute the orders of the municipal authorities: he is without authority to serve writs issued by justices of the peace. This case analyzes the old acts of the legislature as well as The General Borough Act of May 4, 1927, P. L. 519, and points out that nowhere can be found legislative authority for the filing of a bond or the qualification in court of a high constable. The court says (p. 256):

"The office of high constable is simply part of the borough scheme of government, in the same manner as is that of burgess, the former executing the orders of the latter. A constable is not a borough officer under the law pertaining to boroughs, neither is a high constable a county officer." To the same effect are Harbold v. Bailey, 11 Dist. R. 736, Doylestown's High Constable, 16 Pa. C. C. 90, and Carney v. Luzerne County, 18 D. & C. 624.

When the legislature, in The General Borough Act, supra, article X, sec. 1032, gave to high constables the power and authority of constables of the several townships in the county, it did not extend his field of activity but defined his duty within his bailiwick. This conclusion is amply sustained by the decisions, supra.

The Quarter Sessions Court of Erie County did not have the authority to qualify the petitioner or to receive his bond. The law does not give him the authority to so qualify.

Now, December 10, 1937, defendant's demurrer is sustained and judgment is entered for defendant.