## Saint's Petition

Before Brownson, P. J., Hughes and Gibson, JJ.

*W. R. Dennison*, for petitioner.

GIBSON, J., August 20, 1938.—Thomas B. Saint filed a petition alleging that he had been appointed a high constable in the Borough of Canonsburg to fill a vacancy caused by the death of the elected high constable, had offered to file his bond with the clerk of the court of quarter sessions, which bond had been refused, and praying for an order directing the clerk of courts to receive and file his bond. This petition was ordered on the argument list, and it was there argued by counsel for petitioner that petitioner had the right to file his bond in the office of the clerk of courts and thereafter he would have and exercise generally all the power and authority of a constable duly elected in a township. This was claimed under section 1032 of The General Borough Act of May 4, 1927, P. L. 519.

There is a clear distinction between the office of constable and that of high constable. The General Borough Act, sec. 807, designating elective officers in the borough, provides for a high constable in boroughs not divided into wards and a high constable in boroughs divided into wards. This same provision is made in section 825. Under sections 1031 to 1034, inclusive, the high constable is regulated, and it is required that before entering upon the duties of his office he shall take and subscribe an oath or affirmation and the same shall be filed among the records of the borough. He is required to give certain notices. It is provided he may also be a policeman, but is prohibited from accepting any compensation in addition to his salary. His compensation is fixed by the borough council. Section 1032 provides: "The high constable shall have the power and authority of constables of the several townships in the county." This is not a new provision. By the Act of April 3, 1851, P. L. 320, art. IV, sec. 13, it is provided that "he shall have the power and authority of constables of the several townships in the proper county". In The General Borough Act of May 14, 1915, P. L. 312, ch. 7, art. III, sec. 2, it was provided: "The

high constable shall have the power and authority of constables of the several townships in the county."

The bond of the high constable is required to be filed, with the borough records and the amount is fixed by the borough authorities. As pointed out above, there is but one high constable in a borough, regardless of whether or not it is divided into wards. Under the law regulating constables, there is to be one constable elected in each ward where the borough is so divided. In case of a vacancy in the office of constable, the court of quarter sessions fills the vacancy, while if such vacancy occurs in the office of high constable, the borough council has the power to fill the vacancy, and only if it fails to do so for a period of 30 days can the court of quarter sessions appoint. It therefore appears certain that a high constable is a borough officer and has never been considered as a court or county official, and that section 1032 of The General Borough Act, giving him the power and authority of constables of the several townships in the county, gives him that power and authority with reference to the performance of his duties as a borough officer, and is not intended as an enlargement of his office by increasing his power and authority to include the power and authority generally of a constable. This question has been considered a number of times.

In Doylestown's High Constable, 16 Pa. C. C. 90, it was held that the court of quarter sessions had no jurisdiction to approve the bond of a person elected to the office of high constable of the borough unless the charter of the borough so provided, and it was held that the charter of Doylestown Borough did not so provide.

In Harbold v. Bailey, 11 Dist. R. 736, it was held that a high constable of a borough had no authority to serve writs, this authority not being granted by the General Borough Act of 1851.

In Carney v. Luzerne County, 18 D. & C. 624, it was held that a high constable under The General Borough Act of 1927 is not a county officer and is not entitled to

compensation from the county for the service of warrants or other legal process, except those executed for the burgess of his borough, and that the act does not extend the field of activities of a high constable beyond the borough limits, but merely defines his duties within his bailiwick.

In Cartlich Service v. Reber, 27 D. & C. 253, it was held that a high constable is a municipal officer authorized to execute the orders of the municipal authorities, and that he is without authority to serve writs issued by justices of the peace.

In Bovee v. Willis, 19 Erie 446, it was held that a high constable is not a county officer, nor is a constable a municipal officer, and that a high constable is authorized to execute the orders of the municipal authorities and does not have authority to serve writs issued by a justice of the peace. The provisions of The General Borough Act of 1927 relating to high constables are therein fully discussed, and it is pointed out that the two cases apparently holding contrary to this general line of cases are based on special circumstances and conditions. The case of M'Bride v. The Commonwealth, 2 Watts 448, is based on a special act of the legislature incorporating the Borough of Butler, which provided that the high constable should have the power to execute process as other constables of the county, and that this language gave implied authority to the court of quarter sessions to receive security and qualify the high constable of that borough. The other case apparently holding the contrary doctrine is Flynn's Case, 303 Pa. 198, which dealt with the construction of the Act of May 7, 1929, P. L. 1581, conferring on the court of quarter sessions jurisdiction to remove any constable. The Supreme Court there held that it was the intention of the legislature to authorize the courts to remove any constable, including high constables, upon cause being shown.

There is another and sufficiently controlling reason why section 1032 of The General Borough Act of 1927,

supra, should not be so construed as to extend and broaden the scope of authority of a high constable. The title of this act is, "An act concerning boroughs, and revising, amending, and consolidating the law relating to boroughs." There is nothing in the title indicating the appointment of a county or court officer or the creation of such an office, and under the requirements of the State Constitution, if the section of the act were so construed, the act would be unconstitutional, in that it violated article III, sec. 3, which provides: "No bill, except general appropriation bills, shall be passed containing more than one subject, which shall be clearly expressed in its title." The act is constitutional under the construction we have given it, and the courts should not construe acts of assembly in such a way that they are unconstitutional except when the language of the act requires such construction.

The court of quarter sessions does not have authority to qualify petitioner to act as a constable, neither has he shown any right to file his bond in the office of this court.

And now, August 20, 1938, the petition of Thomas B. Saint is dismissed at the cost of petitioner.